UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
TRUSTEES OF THE OPERATIVE PLASTERERS' and
CEMENT MASONS' INTERNATIONAL ASSOCIATION
LOCAL 262 WELFARE FUND, ANNUITY FUND, PENSION
FUND and APPRENTICESHIP TRAINING FUNDS and
OPERATIVE PLASTERERS' and CEMENT MASONS'
INTERNATIONAL ASSOCIATION, LOCAL 262,

Index No.: 17CIV5902

COMPLAINT

Plaintiffs,

-against-

SIG CONTRACTING CORP.,

Defendant.
------------------------------------------------------------------------x

Plaintiffs, Trustees of the Operative Plasterers' and Cement Masons' International Association, Local 262 Welfare Fund, Annuity Fund, Pension Fund and Apprenticeship Training Funds (hereinafter referred to as the "Funds") and Operative Plasterers' and Cement Masons' International Association, Local 262 (hereinafter referred to as the "Union") by their attorneys Barnes, Iaccarino & Shepherd LLP allege as follows:

## JURISDICTION AND VENUE

1. This civil action is based on the provisions of Section 301 of the Labor Management Relations Act of 1947 (hereinafter referred to as the "Taft-Hartley Act") 29 U.S.C. Section 185, and on Section 502(a)(3) and Section 515 of the Employee Retirement Income Security Act, as amended (hereinafter referred to as "ERISA") (29 U.S.C. Section 1132(a)(3) and 29 U.S.C. 1145).

2. Jurisdiction is conferred upon this Court by Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185) and Sections 502(e)(1) and 502(f) of ERISA (29 U.S.C. Sections 1132(e)(1) and 1132(f)); and derivative jurisdiction is contained in 28 U.S.C. Sections 1331 and 1337.

3. Venue properly lies in this District under the provisions of 502(e)(2) of ERISA (29 U.S.C. Section 1132(e)(2)) and Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185) and 28 U.S.C. Section 1391(b).

4. This action is brought by the respective Trustees of the Funds in their fiduciary capacities and the Union for monetary damages and other equitable relief under ERISA and for breach of a labor contract to secure performance by an Employer of specific statutory and contractual obligations to submit the required monetary contributions and/or reports to the Plaintiffs in a timely fashion.

## PARTIES

5. The Plaintiffs Trustees are, at all relevant times, the fiduciary of jointly administered multi-employer, labor management trust funds as defined by Section 3(21)(A) and Section 502(a)(3) of ERISA (29 U.S.C. Sections 1002(21)(A) and 1132(a)(3)). The Funds are established and maintained by the Union and various Employers pursuant to the terms of the Collective Bargaining Agreements and Trust Indentures in accordance with Section 302(c)(5)(1) of the Taft-Hartley Act (29 U.S.C. Section 186 (c)(5)). The Funds are employee benefit plans within the meaning of Sections 3(1), 3(2), 3(3) and 502(d)(1) of ERISA (29 U.S.C. Sections 1002 3(1), 3(2), 3(3) and 1132(d)(1)), and multi-employer plans within the meaning of Sections 3(37) and

515 of ERISA (29 U.S.C. Sections 1002(37) and 1145). Plaintiffs are Trustees of the Funds and the "plan sponsor" within the meaning of Section (3)(16)(B)(iii) of ERISA (29 U.S.C. Section 1002(16)(B)(iii)).

6. The Funds provide fringe benefits to eligible employees, retirees and their dependents on whose behalf the Employer is required to contribute to the Funds and Union pursuant to its Collective Bargaining Agreement (hereinafter referred to as the "C.B.A.") between the Employer and the Union. The Funds are authorized to collect contributions which includes, but is not limited to, payments for life insurance, hospitalization, medical care, vacation, annuity, pension benefits and Painting Industry Promotion Fund and Union dues check-off on behalf of the employees from the Employers, and the Plaintiff Trustees as fiduciaries of the Funds are authorized to maintain suit as independent legal entities under Section 502(d)(1) of ERISA (29 U.S.C. Section 1132(d)(1)) and are obligated to bring actions to enforce the provisions of the C.B.A. that concern the protection of employee benefit rights.

7. The Funds' principal office is located and administered at 3233 Laconia Avenue, Bronx, NY 10469, in the County of Bronx.

8. The Union is a labor organization within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185), which represents employees in an industry affecting commerce as defined in Section 501 of the Taft-Hartley Act (29 U.S.C. Section 142) and Section 3(4) of ERISA (29 U.S.C. Section 1002(4)) and as further defined in Section 12 of the General Associations Law of the State of New York. The Union maintains its offices and is administered at 3233 Laconia Avenue, Bronx, NY 10469, in the County of Bronx.

9. Upon information and belief, the Defendant, SIG Contracting Corp. (hereinafter referred to as "the Employer or Defendant") at all relevant times, was and is an "employer" within the meaning of sections 3(5) and 515 of ERISA (29 U.S.C. Sections 1002(5) and 1145) and was and still is an employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185).

10. Upon information and belief, the Defendant is a for-profit domestic corporation doing business in the State of New York with its principal place of business at 1019 38th Street, Brooklyn, NY 11219, in the County of Kings.

## CAUSES FOR RELIEF
## AS AND FOR A FIRST CLAIM FOR RELIEF

11. The Defendant executed a C.B.A. with the Union or was and still is a party to a C.B.A. with the Union by virtue of its membership in an Employer Association, which has an agreement with the Union.

12. The C.B.A. and/or Policy for Collection of Delinquent Contributions (hereinafter referred to as the "Policy") formulated by Plaintiffs' Trustees requires the Employer to submit contribution reports setting forth the hours that each of its employees worked and the amount of contributions due pursuant to the rate schedules set forth in the C.B.A. for all work performed by its employees covered by the C.B.A. and to remit such monetary contributions in accordance with the C.B.A. and the rules and regulations established in the Policy.

13. Upon information and belief, as a result of work performed by the individual employees of the Employer pursuant to the C.B.A., there became due and owing to the

Funds and the Union from the Employer contribution reports and fringe benefit contributions.

14. The Employer has failed and refused to remit the benefit contributions due and owing under the C.B.A and in accordance with the Policy for the period January 1, 2013 through to and including March 31, 2015 in the minimum amount of $7,206.02 to the Funds and $688.70 to the Union.

15. These amounts described in Paragraph 14 above are due and owing to the Funds and Union and are based upon an audit that was conducted by the Funds' Office.

16. The Employer's failure, refusal or neglect to remit the proper contributions to the Plaintiffs constitutes a violation of the collective bargaining agreement between the Employer and the Union wherein the Funds are third-party beneficiaries.

17. Pursuant to the C.B.A. and Policy, all delinquent contributions to the Funds shall bear interest on the delinquency amount, plus liquidated damages, auditors' fees, attorneys' fee, court costs and disbursements incurred in collection of delinquencies.

18. Accordingly, the Employer is liable to Plaintiffs for contributions in the minimum amount of $7,206.02 in fringe benefits and $688.70 in dues, plus interest, liquidated damages, auditors' fees, attorney's fees, court costs and disbursements.

## AS AND FOR A SECOND CLAIM FOR RELIEF

19. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in Paragraphs "1" through "18" of this Complaint as if fully set forth at length herein.

20. Section 515 of ERISA, (29 U.S.C. Section 1145) requires employers to pay fringe benefit contributions in accordance with the terms and conditions of the Collective Bargaining Agreements.

21. The Employer has failed to pay or timely pay the Fringe Benefit contributions to Plaintiffs owed as a result of work performed by individual employees of the Employer. Such failure to make timely payments constitutes a violation of Section 515 of ERISA (29 U.S.C. Section 1145).

22. Section 502 of ERISA (29 U.S.C. Section 1132) provides that upon a finding of an employer violation of Section 515 of ERISA (29 U.S.C. Section 1145) which requires employers to pay fringe benefit contributions in accordance with the terms and conditions of collective bargaining agreements, the Court shall award payment to a plaintiff's fund the unpaid fringe benefit contributions, interest on the unpaid principal amount due, together with liquidated damages, auditors' fees, attorneys' fees, court costs and disbursements incurred in the action.

23. The failure to pay has injured the Funds by delaying the investment of contributions and causing unnecessary administrative costs for the Funds and has injured the participants and beneficiaries and other contributing employers of the benefit plan in the form of lower benefits and higher contribution amounts.

24. Accordingly, the Defendant is liable to Plaintiffs under the collective bargaining agreement and the Policy concerning the payment of fringe benefit contributions under Sections 502 and 515 of ERISA (29 U.S.C. Sections 1132 and 1145) due to the failure to pay contributions when they are due.

25.     Accordingly, the Defendant is liable to the Funds in the minimum amount of $7,206.02 in unpaid fringe benefit contributions, plus interest, liquidated damages, auditors' fees, attorneys' fees, court costs and disbursements in this action pursuant to Section 502 of ERISA (29 U.S.C. Section 1132).

## AS AND FOR A THIRD CLAIM FOR RELIEF

26.     Plaintiffs repeat, reiterate and re-allege each and every allegation contained in paragraphs "1 through 25" above of this Complaint as if set forth at length herein.

27.     Pursuant to ERISA, the C.B.A. and/or Policy, the Defendant is required to timely submit current fringe benefit contributions and dues check-off and reports to Plaintiffs.

28.     Upon information and belief, the Defendant has in the past failed to timely submit current benefit fund contributions and dues check-off and reports to Plaintiffs and is in breach of the statutory obligations under ERISA and the C.B.A. and the Policy.

29.     During the course of the instant action, additional contributions and/or delinquency charges may become due and owing. If Defendant fails to pay the contributions and/or delinquency charges, as part of this action, at the time of trial or judgment, whichever is later, those additional amounts should be included.

**WHEREFORE**, Plaintiffs respectfully pray for Judgment against Defendant, SIG Contracting Corp., on all the claims for relief as follows:

As and For the First and Second Claim for Relief:

> (a) In the minimum sum of $7,206.02 in unpaid benefit contributions, plus $688.70 in dues for work performed for the period January 1, 2013 through to and including March 31, 2015, plus interest to be calculated on the delinquency amount

>from the date of the delinquency and liquidated damages on the principal amount due;
>
>(b) Attorney's fee, auditors' fees, court costs and disbursements incurred as set forth in the Collective Bargaining Agreement and as/or mandated by Section 502(g)(D) of ERISA, 29 U.S.C. Section 1132(g)(2)(D);

As and For the Third Claim for Relief:

>(a) Damages in the amount of any additional contributions and/or delinquency charges which may become due and owing during the course of the instant action which amount shall include the principle plus interest and liquidated damages.

As and For All Claims for Relief:

>(a) For such other and further relief as to the Court deems appropriate.

Dated: White Plains, New York
August 4, 2017

Respectfully submitted,

By: *(signature)*
Dana L. Henke, Esq.
BARNES, IACCARINO &
SHEPHERD LLP
Attorneys for Plaintiffs
258 Saw Mill River Road
Elmsford, NY 10523
(914) 592-1515